**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Bankruptcy No. 24-11307 AMC |
| | : | |
| | : | Chapter 13 |
| DEIDRE RUTH CARTER-JONES | : | **Hearing Date, Time & Place** |
| | : | **Tuesday, September 24, 2024 at 11:00 a.m.** |
| Debtor(s) | : | **(Telephonic Hearing)** |
| | : | |

**CHAPTER 13 STANDING TRUSTEE'S MOTION TO DISMISS**
**WITH PREJUDICE PURSUANT TO 11 U.S.C. SECTIONS 105, 349 AND 1307**

**AND NOW** comes, KENNETH E. WEST, ESQUIRE, Chapter 13 standing trustee, and requests that this case be dismissed with prejudice for the following reasons:

1. The debtor filed the above-captioned bankruptcy case on April 17, 2024. Debtor is represented by Michael A. Cibik, Esq., with an *incorrect* social security number ending 9545.

2. Debtor has filed eight (8) prior bankruptcy cases as follows:

   a) **93-13542 BIF**, a Chapter 13 case filed on June 11, 1993, with correct social security number ending 9585, the case was dismissed by the Court on October 25, 1994, with correct social security number ending 9585. Debtor was represented by Thomas J, Turner, Esquire.

   b) **99-18146 BIF**, a Chapter 13 case filed on June 25, 1999, with correct social security number ending 9585, the case was dismissed by the Court on May 24, 2000. Debtor was represented by James J. O'Connell, Esquire.

   c) **01-13135 DWS**, a Chapter 13 case filed on March 6, 2001, with correct social security number ending 9585, the case was dismissed on August 23, 2001. Debtor was represented by Arthur J. Kyriazis, Esquire.

   d) **09-12071 SR**, a Chapter 13 case filed on March 24, 2009, with correct social security number ending 9585, the case was dismissed by the Court on October 28, 2009. Debtor was represented by Robert H. Holber, Esquire.

   e) **09-18496 SR**, a Chapter 13 case filed on November 4, 2010, with correct social security number ending 9585, the case was dismissed by the Court on

       April 14, 2010. The debtor was barred from filing without leave of the court. Debtor was represented by Jensen Bagnato, Esquire.

    f) **_18-11748 AMC_**, a Chapter 13 case filed on March 15, 2018, with correct social security number ending 9585, the case was dismissed by the Court on March 19, 2018, due to a previous bar. Debtor was represented case by Jensen Bagnato, Esquire.

    g) **_23-117408 BLS_**, a Chapter 13 case filed on October 17, 2023, with an _incorrect_ social security number ending 9545, the case was dismissed by the Court on December 28, 2023. The case was filed pro se in Delaware.

    h) **_24-10257 BLS_**, a Chapter 13 case filed on February 14, 2024, with an _incorrect_ social security number ending 9545, the case was dismissed by the Court on March 7, 2024. The case was filed pro se in Delaware.

3. A lack of good faith in filing is sufficient cause for dismissal of a Chapter 13 case under 11 U.S.C. § 1307(c). In re Lilley, 91 F. 3d 491, 495 (3rd Cir. 1996). The good faith inquiry is a fact intensive determination left to the discretion of the bankruptcy court. Id. Chapter 13 filings must be assessed on a case-by-case basis in light of the totality of the circumstances. Id.

   Bankruptcy courts and district courts are empowered by 11 U.S.C. § 105(a) and 349(a) to enjoin future filings to prevent abuse of the bankruptcy process. In re Casse, 198 F. 3d 327 (2d Cir. 1999). In re Legree, 285 B.R. 615, 2002 Bankr. LEXIS 1560 (E.D. Pa. 2002).

   Critical to a determination of good faith in a bankruptcy filing, where there have been prior filings, is whether there has been a material change of circumstances which justifies the filing of the petition. Matter of Elmwood Development Co. 964 F. 2d 865 (5th Cir. 1992). The kind of changed circumstances which may justify a successive filing should be positive changes reflecting on the debtor's ability to successfully reorganize under Chapter 13. In re Legree, supra.

4. No material change in circumstances appears to have occurred in debtor's situation to warrant the filing of her ninth bankruptcy filing.

5. Upon information and belief, debtor's repeated bankruptcy filings has been designed to frustrate, delay and/or hamper the ability of debtor's creditors to prosecute and/or collect on their legal debts.

6. Debtor's repeated bankruptcy filings and misuse of social security numbers in the filings have frustrated, delayed, and hampered the ability of the Chapter 13 standing trustee to effectively administer debtor's bankruptcy estate.

7.     Moreover, the following circumstances exist in the instant matter, which along with debtor's prior filings and mis-use of social security numbers, support the dismissal of the instant case for cause and with prejudice:

8.     Additionally, Debtor(s) has/have failed to commence or continue making timely payments to the trustee as required by 11 U.S.C. Section 1326.

9.     In evaluating the totality of debtor's circumstances which include the debtor's repetitive filings and the reason(s) set forth in the immediately preceding paragraphs, the Chapter 13 standing trustee believes and therefore asserts that this case was filed in bad faith

**WHEREFORE**, KENNETH E. WEST, ESQUIRE, Chapter 13 standing trustee, respectfully requests that this Court enter an Order in the form annexed hereto, dismissing this case with prejudice pursuant to 11 U.S.C. Sections 105, 349 and 1307, and barring the debtor(s) from further filing another bankruptcy case without prior leave of the Court.

Respectfully submitted,

Date: August 24, 2024

*/s/ Kenneth E. West*_____
Kenneth E. West, Esquire
Chapter 13 Standing Trustee
1234 Market Street, Suite 1813
Philadelphia, PA  19107